UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOKHAN ERDEMIR,

                        Plaintiff,                              **REPORT AND RECOMMENDATION**

        -against-                                          CV 18-6103 (LDH)(AYS)

ALLSTATE MARBLE & GRANITE, et al.,

                        Defendants.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       This is a case brought pursuant to the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). A bench trial was held before the Honorable LaShann DeArcy Hall. Plaintiff prevailed and on December 21, 2023, the District Court entered judgment in Plaintiff's favor. That judgment reflects an award in the amounts of (1) $31,062.71 for unpaid overtime wages, (2) $8,104.63 for unpaid regular wages; (3) liquidated damages in the amount of $39, 167.34, (4) $15,000 for wage notice and statement penalties, and (5) pre-and post-judgment interest. See Docket Entry herein ("DE") 38.

       Following the bench trial, Plaintiff's counsel moved for an award of attorneys' fees and costs. DE 40; see also DE 38 (Notice of Costs). The motion was filed on December 28, 2023 and referred to this Court on January 17, 2024. (Elec. Order of DeArcy Hall, J., dated January 17, 2024).

## DISCUSSION

I.    Scope of the Motion

       The referred motion is for an award of statutory attorneys' fees. Defendants do not oppose the motion with respect to its statutory liability under the FLSA or the NYLL. Nor do they argue that the number of hours spent by Plaintiff's counsel in litigating this case was excessive.

1

Instead, the fees sought are opposed on the sole ground that the hourly rates requested by Plaintiff's counsel are excessive. The Court turns to the merits of that argument.

II.     Legal Standard

In the Second Circuit, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A., 559 U.S. 542, 551 (2010) (emphasis in original). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" Id. at 553 (citation omitted); see also Arbor Hill, 522 F.3d at 190-91 (holding that a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is

2

generally the "district in which the court sits." Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney who worked on the action. See Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011).

III.   Disposition of the Motion

The Court's review of the documents filed in connection with the present motion reveal that Plaintiff's counsel has submitted, as required, contemporaneous time records. See Declaration of Keith E. Williams, Esq. ("Williams Decl."). Those time records reveal that counsel performed 313.2 hours of work in connection with this matter, including the hours spent preparing the present motion. The attorneys working on this case (whose hourly rates are disputed by Defendants as excessive) are Justin M. Reilly, Esq. ("Reilly" or "Attorney Reilly") and Keith E. Williams, Esq. ("Williams" or "Attorney Williams").  Plaintiff seeks fees at the hourly rate of $400.00 for Attorney Reilly, and at the hourly rate of $325.00 for Attorney Williams. Defendants argue that Reilly should be compensated at an hourly rate of $300.00 and that Williams should be compensated at the hourly rate of $200.00.

Upon review, the Court notes that Defense counsel relies upon rates awarded in a case litigated almost five years ago. In contrast, Plaintiff's counsel relies on more recent cases involving the litigation of claims similar to those litigated in this case. Thus, Plaintiff cites to a 2022 case in which Attorney Reilly was awarded fees at the hourly rate of $400, see Bozdogan v. 23 Ludlam Fuel, Inc., No. 16-CV-1053 (JMW), 2022 WL 17987044 at *4 (E.D.N.Y. Dec. 29, 2022) and to a 2020 case in which Attorney Williams was awarded fees at the hourly rate of

3

$300.00, see Hernandez v. Bella Notte of Syosset, No. 2020 CV 1647 (JMA)(AYS). Given this precedent and upon review of the case law, the Court holds that it is reasonable to award to fees requested. Thus, this Court recommends that Attorney Reilly be awarded fees at the hourly rate of $400.00 and that Attorney Williams be award fees at the hourly rate of $325.00.

Finally, the Court notes that the hourly rates awarded here are based upon this Court's knowledge that this case was a wage and hour matter that proceeded to trial. The Court makes no finding that the case was "straighforward" or that, as argued by Plaintiff's counsel, the defense made trial more difficult by engaging in any "shenanigans". DE 42 at 4 n.1. Since this Court did not try the case it cannot, and does not, make any such findings. The Court only decides whether the rates requests are reasonable within the meaning of the law discussed above. They are.

## CONCLUSION

For the foregoing reasons the Court recommends that Plaintiff's motion for attorneys' fees and costs, appearing as Docket Entry 40 herein be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d

Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
January 19, 2024

                                                  /s/ Anne Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge