UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GOKHAN ERDEMIR.,

                          Plaintiff,

            v.

ALLSTATE MARBLE & GRANITE,
KITCHENS AND BATHS INC. d/b/a
BELLAGIO KITCHENS & BATHS, SERHAT
SOYKAN, and DENIZ SOYKAN,

                          Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

18-cv-06103 (LDH)(AYS)

---

LASHANN DEARCY HALL, United States District Judge:

    Gokhan Erdemir ("Plaintiff"), commenced this action against Allstate Marble & Granite, Kitchens and Baths, Inc. d/b/a Bellagio Kitchens & Baths ("Allstate"), Serhat Soykan, and Deniz Soykan (collectively, "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## BACKGROUND

    On October 31, 2018, Plaintiff brought the instant action against Defendants for failure to pay regular and overtime wages, and failure to provide wage notices in violation of FLSA and the NYLL, as well as breach of contract and conversion. (Compl. ¶¶ 84-138, ECF No. 1.) A bench trial was held from January 18, 2023 to January 19, 2023. On November 30, 2023, the Court adopted Plaintiff's proposed findings of fact and conclusions of law, and on December 21, 2023, the Court entered judgment against Defendants, jointly and severally, for: (1) $31,062.71 in unpaid overtime compensation; (2) $8,104.63 in unpaid regular wages; (3) $39,167.34 in liquidated damages; (4) $7,200.00 in NYLL § 195(1) wage notice penalties; (5) $7,500.00 in

1

NYLL § 195(3) wage statement penalties; (6) pre-judgment interest pursuant to the N.Y. C.P.L.R.; and (7) post-judgment interest.  (Mem. & Order, ECF No. 37; Judgment, ECF No. 38.)

On December 28, 2023, Plaintiff filed a motion for attorney's fees and costs seeking $102,059.90 in attorney's fees for 313.20 hours of work and $4,361.40 in costs.  (Pl.'s Mot. Att'y Fees & Costs ("Pl.'s Mot.") at 9, ECF No. 40-1.)  Defendants opposed the motion on the sole ground that the hourly rates Plaintiff's counsel requested, specifically $400 per hour for attorney Justin M. Reilly ("Reilly") and $325 per hour for attorney Keith Williams ("Williams"), are excessive and unwarranted in this case.  (Defs.' Opp. to Pl.'s Mot. at 2–3, ECF No. 41.)  The Court referred the motion to Magistrate Judge Anne Y. Shields for report and recommendation.  On January 19, 2024, Magistrate Judge Shields issued a report and recommendation ("R&R"), recommending that Plaintiff's motion for attorney's fees and costs be granted.  (R&R at 4, ECF No. 46.)

Judge Shields found that $400 per hour for Reilly and $325 per hour for Williams were reasonable rates pursuant to recent precedent in this District.  (R&R at 3–4.)  In so finding, Judge Shields noted that in recent cases these same attorneys were awarded fees at the same or similar rates as those sought in this case.  (*Id.*)  Judge Shields declined to make any findings regarding Defendants' argument that the hourly rates were not warranted because the case was "straightforward," finding only that the rates were reasonable within the meaning of the law.  (*Id.* at 4.)  Defendants made a timely objection to the R&R on February 2, 2024.  (Defs.' Obj. to R&R ("Defs.' Obj."), ECF No. 47.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

2

magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection.  *Id.*  Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'"  *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

A plaintiff who prevails in an action under FLSA or the NYLL is entitled to an award of reasonable attorney's fees.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  Thus, in reviewing a request for attorney's fees, a district court must first determine the "presumptively reasonable fee" for the services.  *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 790 F.App'x 289, 292 (2d Cir. 2019); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008).  "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes "to spend the minimum necessary to litigate the case effectively."  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citation omitted).  In determining whether a rate is presumptively reasonable, courts typically apply the "forum rule," whereby courts "use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."  *Simmons*, 575 F.3d at 174 (citations and internal quotations omitted).  The Court is afforded "considerable discretion" in determining a reasonable award.  *Arbor Hill*, 522 F.3d at 190.

Magistrate Judge Shields found that Plaintiff's requested rates were reasonable because in recent cases in this District involving similar claims under FLSA and the NYLL, attorneys Reilly and Williams were awarded fees at nearly identical rates.  *See Bozdogan v. 23 Ludlam*

3

Case 2:18-cv-06103-LDH-AYS   Document 51   Filed 09/30/24   Page 4 of 5 PageID #: 1363

*Fuel, Inc.*, No. 16-CV-1053, 2022 WL 17987044 at *4 (E.D.N.Y. Dec. 29, 2022) (awarding Reilly a rate of $400 per hour and Williams a rate of $250 per hour); *Hernandez v. Bella Notte of Syosset*, No. 20-CV-1647, 2023 U.S. Dist. LEXIS 146490, at *2-3 (E.D.N.Y. Aug. 21, 2023) (awarding Williams a rate of $300 per hour). Defendants concede that courts in this District have repeatedly concluded that rates of $200 to $450 per hour are reasonable for partners and rates of $200 to $325 per hour are reasonable for senior associates, and that the rates awarded to Plaintiff's counsel fall within this acceptable range. (Defs.' Obj. at 2.) *See Crews v. Cnty. of Nassau*, No. 06-CV-2610, 2019 WL 6894469, at *7 (E.D.N.Y. Dec. 18, 2019) (collecting cases) ("Courts in this district have concluded that $200 to $450 per hour is a reasonable hourly rate for partners, $200 to $325 per hour is reasonable for senior associates, and $100 to $200 per hour is reasonable for more junior associates."). This Court finds the requested rates to be reasonable.

Nonetheless, Defendants object to Magistrate Judge Shield's recommendation, arguing that the Plaintiff's requested rates were not reasonable because this case "was [] relatively straightforward," "only required a trial that required one full day and one partial day," did not "raise especially complex questions," and thus did not "involve work that justifies awarding a rate at the higher end of the scale." (Defs.' Obj. at 2.) In support of their argument, Defendants cite *Baizan Guerrero v. 79th St. Gourmet & Deli Inc.* No. 18-CV-4761, 2019 WL 4889591, at *12 (E.D.N.Y. Sept. 10, 2019), *report and recommendation adopted,* No. 18-CV-4761, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019). In *Baizan*, the court reduced an attorney's requested rate from $450 an hour to $350 an hour based on previous cases in which the attorney was awarded attorneys' fees and in light of the relative simplicity of the case given the Defendants' default. 2019 WL 4889591, at *12. This case is easily distinguishable from the instant action and only highlights why the higher rate applied here is reasonable. Importantly, the Defendants in *Baizan*

defaulted. *Id*. As such, the work required to resolve that case was minimal. *See id*. This stands in stark contrast to the instant case, which proceeded to trial, albeit a short one. Moreover, the court in *Baizan* reduced the attorney's requested rate to $350 an hour to align with the rate that same attorney had been awarded in previous cases. *Id*. Here, the Court's award of $400 per hour to Reilly and $325 per hour to Williams is consistent with previous awards to Reilly and Williams in similar cases. *See Bozdogan*, 2022 WL 17987044 at *4; *Hernandez*, 2023 U.S. Dist. LEXIS 146490 at *2-3. Thus, no reduction would be warranted on that ground. The fees are reasonable.

## CONCLUSION

For the foregoing reasons, Defendants' objection is OVERRULED, and the R&R is ADOPTED. Plaintiff's motion for attorney's fees is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      September 30, 2024  LASHANN DEARCY HALL
                                     United States District Judge